**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |
| RESIDENTIAL CAPITAL, LLC; et al., | |
| Plaintiffs, | |
| v. | |
| UMB BANK, N.A., IN ITS CAPACITY AS INDENTURE TRUSTEE FOR THE 9.625% JUNIOR SECURED GUARANTEED NOTES, et al., | Adv. Case No. 13-01343 (MG) |
| Defendants. | |
| OFFICIAL COMMITTEE OF UNSECURED CREDITORS, on behalf of the estate of the Debtors, | |
| Plaintiffs, | |
| v. | Adversary Proceeding No. 13-01277 (MG) |
| UMB BANK, N.A., AS SUCCESSOR INDENTURE TRUSTEE UNDER THAT CERTAIN INDENTURE, dated as of June 6, 2008, et al., | |
| Defendants. | |

ny-1095960

**CONSOLIDATION AND SCHEDULING ORDER**

WHEREAS, on February 28, 2013, the Official Committee of Unsecured Creditors (the "Committee") filed an adversary proceeding complaint (the "Committee Complaint") in this Court styled *Official Committee of Unsecured Creditors v. UMB Banks, N.A., as successor indenture trustee, and Wells Fargo Bank, N.A., as third priority collateral agent and collateral control agent*, Adversary Proceeding No. 13-01277 (the "Committee Action"); and

WHEREAS, on May 3, 2013, Debtor Residential Capital, LLC, and each of its affiliated debtors (collectively, the "Debtors") filed an adversary proceeding complaint (the "Debtor Complaint") in this Court styled *Residential Capital, LLC, et al. v. UMB Bank, N.A. in its capacity as indenture trustee,* Adversary Proceeding No. 13-01343 (the "Debtor Action"); and

WHEREAS, on April 11, 2013, this Court entered Case Management and Scheduling Order #1 in the Committee Action; and

WHEREAS, the Debtors have filed a motion to approve a Plan Support Agreement, a material term of which contemplates the effective date of a confirmed Chapter 11 Plan (the "Plan") by December 15, 2013; and

WHEREAS, the Debtors and the Committee contend, and the Court finds, that to facilitate the confirmation of the Plan in timely fashion, it is necessary to adjudicate issues with respect to the size of the Junior Secured Noteholders' claims and whether and to what extent the Junior Secured Noteholders are entitled to recover post-petition interest on their claims, as raised or may be raised in the Consolidated Action (as defined below); and

WHEREAS, all parties to both the Debtor Action and the Committee Action (collectively, the "Parties," each a "Party") agree that those proceedings should be consolidated; and

2

ny-1095960

WHEREAS, the Defendants in the Committee Action and the Debtor Action have objected to the schedule set forth herein on the grounds that the issues with respect to the size of the Junior Secured Noteholders' claims and whether and to what extent the Junior Secured Noteholders are entitled to recover post-petition interest on their claims, as raised or may be raised in the Consolidated Action, cannot be properly and fully adjudicated in this timeframe, and reserve their rights with respect to the timing and the scope of the Consolidated Action; and

WHEREAS, this Court finds that good and sufficient cause exists for the consolidation of the Committee Action and the Debtor Action; it is hereby ordered that:

1. The Committee Action and the Debtor Action are consolidated for all purposes pursuant to Federal Rule of Bankruptcy Procedure 7042 (and hereinafter, the "Consolidated Action"). Case Management and Scheduling Order #1 entered in the Committee Action is hereby superseded by this Consolidation and Scheduling Order.

2. All parties to the Committee Action and the Debtor Action shall be entitled to participate fully in the Consolidated Action and, for the avoidance of doubt, the Committee is deemed to have intervened as a plaintiff in the Debtor Action pursuant to Rule 24(a)(1) of the Federal Rules of Civil Procedure (the "Federal Rules"). Notwithstanding anything herein to the contrary, neither the consolidation of these actions nor anything in this Order shall increase or decrease any rights of the parties under (i) Final Order Under Sections 105, 361, 362, 363, and 364 of the Bankruptcy Code and Bankruptcy Rules 2002, 4001, 6004, and 9014 (I) Authorizing the Debtors to Obtain Postpetition Financing on a Secured Superpriority Basis, (II) Authorizing the Debtors to Use Cash Collateral, and (III) Granting Adequate Protection to Adequate Protection Parties (ECF No. 491), or (ii) the Order Authorizing the Official Committee of

3

Unsecured Creditors to Prosecute and Settle Certain Claims on Behalf of the Debtors' Estates (ECF No. 2518), and all Parties' rights with respect thereto are expressly reserved.

3. Except as otherwise expressly set forth herein, all Parties to the Consolidated Action are to conduct discovery in the Consolidated Action in accordance with the Federal Rules, the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court for the Southern District of New York

4. On or before June 21, 2013, the Defendants in the Committee Action shall answer any count in the Committee Complaint that those Defendants are not currently moving to dismiss and have not previously answered.

5. On or before June 19, 2013, the Debtors shall serve and file any amended complaint setting forth any further issues that are not alleged in either the Debtor Complaint or the Committee Complaint that the Debtors contend must be adjudicated for full and complete resolution of the validity, amount, and extent of collateral securing the Defendants' claims in these bankruptcy cases as well as their entitlement to post-petition interest, if any, under the Plan. The Defendants' answer and counterclaims to the amended complaint shall be filed no later than June 28, 2013; any answer shall be without prejudice to the Defendants' right to bring a motion to dismiss addressed to matters raised in the amended complaint. Any such motion to dismiss shall be filed no later than July 16, 2013, and briefed in accordance with the schedule set forth in paragraph 6 below.

6. The answer to any counterclaims together with any motion to dismiss addressed to such counterclaims shall be filed by July 16, 2013. The filing of any motion to dismiss shall have no effect on discovery. Any opposition to a motion to dismiss shall be filed no later than July 30, 2013, and any reply briefs in further support of such motions shall be filed no later than

4

August 13, 2013. The Court will hear argument on all motions to dismiss on August 28, 2013 at 10:00 a.m. Any party moving to dismiss causes of action asserted against it shall answer all such causes of action, and the filing of such an answer shall not waive the Party's right to prosecute its motion to dismiss.

7. To the extent that any Party believes that any issue raised in the Consolidated Action may be resolved on a motion for judgment on the pleadings or summary judgment, that Party may request a status conference before the Court to discuss whether such a motion should be made and the scope of such motion(s). In the event that any such motion is made it must be filed on or before August 14, 2013. Opposition(s) (if any) shall be filed 21 calendar days after service of the moving brief, and any reply briefs shall be filed 10 calendar days after service of the opposition(s).

8. The hearing on UMB Bank's Partial Motion to Dismiss the Committee Complaint shall be held on July 24, 2013, at 10:00 a.m. To the extent any party deems it appropriate to submit a supplemental brief, not to exceed 10 pages, solely to address the impact of the Examiner's Report on this Partial Motion, such brief shall be filed no later than July 17, 2013. To the extent any Party deems it appropriate to modify or supplement their claims or counterclaims, or add new claims or counterclaims, based solely on new information set forth in the Examiner's Report, such Party shall, by July 15, 2013, request a telephonic status conference with the Court seeking permission to bring such supplemented or new claims or counterclaims.

9. The Parties shall make best efforts to serve all reasonably foreseeable initial document requests, subpoenas *duces tecum* and interrogatories consistent with Local Bankruptcy Rule 7033-1 by June 26, 2013, and shall serve any additional document requests,

5

ny-1095960

subpoenas duces tecum and interrogatories by July 17, 2013. Any responses to such supplemental requests shall be produced on a rolling basis starting 20 days after service of such request and no later than August 23, 2013.

10. The Parties shall complete all initial disclosures pursuant to Federal Rule 26(a)(1) (made applicable by Federal Rule of Bankruptcy Procedure 7026) by no later than July 12, 2013.

11. The Parties shall serve all deposition notices and subpoenas *ad testificandum* no later than August 15, 2013.

12. Counsel of record for each party agrees to accept service via email of any requests for production of documents, interrogatories, document subpoenas, deposition notices, or deposition subpoenas on behalf of such party and its employees, officers, or directors, and any of their respective current legal, financial, or other advisors. In the case of the Committee, the Committee agrees that service on counsel to the Committee shall constitute service on the Committee and any of the Committee's professionals.

13. The parties shall meet and confer as soon as practicable after the service of discovery requests to address any discovery disputes and to agree upon an e-discovery plan, and shall complete their discussions with respect to discovery requests served June 26, 2013 no later than July 3, 2013. The Court will hold a telephonic status conference on July 9, 2013 at 5:00 p.m. to address any issues with respect to the discovery requests. Absent an order of the Court, the Parties will serve their formal responses and objections and begin producing documents in response to all discovery requests within 20 calendar days of service thereof, and will use best efforts to produce all documents that are responsive to such requests as promptly as possible.

ny-1095960

14. Except as provided in paragraph 8, document production shall be substantially completed by August 7, 2013. All productions shall be made on a rolling basis. All Parties and other persons who are served with any document requests or document subpoenas shall produce a privilege log respecting any documents withheld from production within thirty (30) calendar days of service of such requests, and shall produce any supplemental privilege log by no later than ten (10) calendar days of any supplemental document production. The parties shall continue to meet and confer respecting the extent to which category privilege logs and/or document by document privilege logs shall be utilized (and the timing, form, content, terms and conditions thereto), and any Party may seek relief from the Court in the event agreement cannot be reached. In the event that the Parties agree to a category log with respect to a certain group of documents, and a Party subsequently determines that the category log for those documents is insufficient, the Parties shall meet and confer respecting the request for additional information with respect to those documents. In the event that a consensual resolution cannot be reached, the Party seeking additional information may seek relief from the Court. To the extent that a party needs more time to complete its privilege log it may apply to the Court for such relief or so stipulate with the Party that served the request. Any disputes as to the reasonableness of such requests that cannot be resolved through a meet-and-confer process shall be presented to the Court for resolution.

15. Responses to interrogatories under Local Bankruptcy Rule 7033-1 shall be served by August 7, 2013.

16. The Parties shall complete all depositions of fact witnesses (including third-party witnesses) prior to September 6, 2013. The depositions of fact witnesses whose testimony may be necessary for the preparation of expert reports, if any, shall be produced as soon as

7

practicable after August 5, 2013. Absent agreement of the parties or an order of the Court, all depositions shall be limited to seven hours in length. Depositions may be double-tracked and/or conducted on weekends as necessary.

17. The Parties shall exchange expert reports on or before September 4, 2013.

18. The Parties shall exchange responding expert reports on or before September 20, 2013.

19. Expert depositions shall be completed by September 26, 2013 and may be double-tracked and/or conducted on weekends, if necessary.

20. All pretrial submissions, including trial briefs, witness direct testimony statements, exhibit lists and initial deposition designations shall be exchanged by the parties and filed with this Court seven days before the commencement of the trial of the Consolidated Action. The Parties shall also submit to the Court a proposed Joint Pretrial Conference Order using the form proscribed in the individual rules of this Court.

21. The Committee and the Debtors shall file joint briefs, and UMB, Wells Fargo and the Ad Hoc Group shall file joint briefs, with respect to issues that overlap between them on which they are taking a position. This paragraph shall not constitute authorization for any Party to assert or prosecute any claims, defenses, or causes of action it is not otherwise entitled to assert.

22. This Order may not be modified or the dates herein extended, except by further Order of this Court for good cause shown. In addition, except as provided herein, no amended pleadings are permitted without leave of the Court. To the extent that the plan confirmation date contemplated by the Plan Support Agreement is extended for any reason beyond October 31, 2013, the Parties will confer to adjust consensually the dates set forth herein accordingly

ny-1095960

and will submit such modified schedule to the Court for its approval. Any application to modify or extend any deadline established by this Order shall be made in a written application no fewer than five (5) calendar days prior to the expiration of the date sought to be extended.

Dated: June 21, 2013
      New York, New York

                                                        **/s/Martin Glenn**
                                                      MARTIN GLENN
                                      United States Bankruptcy Judge

ny-1095960